UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS CONWAY,<br><br>Plaintiff,<br><br>v.<br><br>JASMINE LECOUNT MCCLANAHAN, et al.,<br><br>Defendant. | No. 1:26-cv-14011-JDH |

**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION**

HEDGES, M.J.

On September 1, 2026, a *pro se* litigant proceeding under the name "Louis Conway" filed a one-page civil complaint and a motion for leave to proceed *in forma pauperis*.[1] Docket Nos. 1-2. The case caption of the complaint identifies fifty-five defendants. Docket No. 1. These defendants include federal and state court judges as well as federal and state court prosecutors. The body of the complaint consists of the following two sentences:

1. Defendants are involved in a multi-district network, which are subjected to supervision and control of federal agents,
2. The Court has power to direct control in accordance with the manual.

*Id.* No other facts are alleged.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the plaintiff must have standing, or, in other words, the plaintiff "must present an injury that is concrete,

[1] The Clerk opened a civil action, and the case was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 3.

particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009).

Here, Mr. Conway does not set forth a claim for which he has standing. While Mr. Conway alleges that the defendants "are involved in a multi-district network," he does not identify the network or any conduct by the defendants that injured him personally. In the absence of a case or controversy over which the Court could exercise jurisdiction, the action is subject to dismissal. In addition, I note that, according to information available on the Federal Courts' PACER (Public Access to Court Electronic Records) platform, on August 31, 2026, a plaintiff named Louis Conway filed a case titled "*Conway v. Mcclanahan, et al.*" in seven different federal district courts.

Accordingly, the Court hereby orders:

1. For the reasons stated herein, this case is returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

2. For the reasons stated above, this Court RECOMMENDS to the District Judge to whom this case is reassigned that this action be dismissed for lack of subject matter jurisdiction.

SO ORDERED.[2]

Dated: September 2, 2026

/s/ Jessica D. Hedges
United States Magistrate Judge

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) and Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.